UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ROBIN BUCHHEIT and GARY BUCHHEIT, | ) ) ) | |
| Plaintiffs, | ) ) | |
| VS. | ) ) | Cause No. 4:09-CV-00652-CAS |
| ASHLEY FURNITURE INDUSTRIES, INC., | ) ) ) | |
| Defendant. | ) ) | JURY TRIAL DEMANDED |

## DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT

COMES NOW defendant Ashley Furniture Industries, Inc., (hereinafter "Ashley"), by and through its attorneys, and for its answer to plaintiffs' complaint, previously filed herein, states as follows:

1.     Defendant Ashley is without sufficient knowledge or information to form a belief as to the truth of the matters set forth in Paragraph 1 of the complaint and, therefore, denies same and demands strict proof thereof.

2.     Defendant Ashley admits the allegations set forth in Paragraph 2 of the complaint.

3.     Defendant Ashley is without sufficient knowledge or information to form a belief as to the truth of the matters set forth in Paragraph 3 of the complaint and, therefore, denies same and demands strict proof thereof.

4.     Defendant Ashley is without sufficient knowledge or information to form a belief as to the truth of the matters set forth in Paragraph 4 of the complaint and, therefore, denies same and demands strict proof thereof.

5.      Defendant Ashley is without sufficient knowledge or information to form a belief as to the truth of the matters set forth in Paragraph 5 of the complaint and, therefore, denies same and demands strict proof thereof.

6.      Defendant Ashley is without sufficient knowledge or information to form a belief as to the truth of the matters set forth in Paragraph 6 of the complaint and, therefore, denies same and demands strict proof thereof.

7.      Defendant Ashley is without sufficient knowledge or information to form a belief as to the truth of the matters set forth in Paragraph 7 of the complaint and, therefore, denies same and demands strict proof thereof.

8.      Defendant Ashley is without sufficient knowledge or information to form a belief as to the truth of the matters set forth in Paragraph 8 of the complaint and, therefore, denies same and demands strict proof thereof.

9.      Defendant Ashley is without sufficient knowledge or information to form a belief as to the truth of the matters set forth in Paragraph 9 of the complaint and, therefore, denies same and demands strict proof thereof.

## COUNT I

10.     Defendant Ashley repleads and restates its answers to Paragraphs 1 – 9 hereof, as and for its answer to Count I, Paragraph 10 of the complaint.

11.     Defendant Ashley denies each and every allegation set forth in Count I, Paragraph 11 of the complaint, not otherwise herein specifically admitted.

12.     Defendant Ashley denies each and every allegation set forth in Count I, Paragraph 12 of the complaint, not otherwise herein specifically admitted.

13.     Defendant Ashley denies each and every allegation set forth in Count I, Paragraph 13 of the complaint, not otherwise herein specifically admitted.

14.     Defendant Ashley denies each and every allegation set forth in Count I, Paragraph 14 of the complaint, not otherwise herein specifically admitted.

15.     Defendant Ashley denies each and every allegation set forth in Count I, Paragraph 15 of the complaint, not otherwise herein specifically admitted.

16.     Defendant Ashley denies each and every allegation set forth in Count I, Paragraph 16 of the complaint, not otherwise herein specifically admitted.

WHEREFORE, having fully answered Count I of the complaint, defendant Ashley prays to be hence dismissed with its proper costs.

## COUNT II

17.     Defendant Ashley repleads and restates its answers to Paragraphs 1 – 16 hereof, as and for its answer to Count II, Paragraph 17 of the complaint.

18     Defendant Ashley denies each and every allegation set forth in Count II, Paragraph 18 of the complaint, not otherwise herein specifically admitted.

WHEREFORE, having fully answered Count II of the complaint, defendant prays to be hence dismissed with its proper costs.

## COUNT III

19.     Defendant Ashley repleads and restates its answers to Paragraphs 1 – 18 hereof, as and for its answer to Count III, Paragraph 19 of the complaint.

20.     Defendant Ashley denies each and every allegation set forth in Count III, Paragraph 20 of the complaint, not otherwise herein specifically admitted.

21.     Defendant Ashley denies each and every allegation set forth in Count III, Paragraph 21 of the complaint, not otherwise herein specifically admitted.

WHEREFORE, having fully answered Count III of the complaint, defendant prays to be hence dismissed with its proper costs.

## AFFIRMATIVE AND OTHER DEFENSES

1.      Any injuries or damages that plaintiffs may have sustained were caused and/or contributed to be caused by the fault of plaintiffs and/or plaintiffs' decedent, either individually or collectively, in one or more of the following respects whereby plaintiffs' recovery, if any, should as a matter of law and fact, be reduced in a percentage amount corresponding thereto:

a.      Plaintiffs and/or plaintiffs' decedent, individually and/or collectively, failed to use the product as reasonably anticipated by the manufacturer;

b.      Plaintiffs and/or plaintiffs' decedent, individually and/or collectively, used the product for a purpose not intended by the manufacturer;

c.      Plaintiffs and/or plaintiffs' decedent, individually and/or collectively, used the product with knowledge of a danger involved in such use with reasonable appreciation of the consequences and, as such, voluntarily and unreasonably exposed plaintiffs' decedent to said danger;

d.      Plaintiffs and/or plaintiffs' decedent, individually and/or collectively, unreasonably failed to appreciate the danger involved in use of the product or the consequences thereof and, as such, unreasonably exposed plaintiffs' decedent to said danger;

e.      Plaintiffs and/or plaintiffs' decedent, individually and/or collectively, failed to undertake the precautions a reasonably careful user of the product would take to protect plaintiffs' decedent against dangers which plaintiffs and/or plaintiffs' decedent would reasonably appreciate under the same or similar circumstances;

f.      Plaintiffs failed to mitigate their damages.

2.      A finding of liability under current Missouri Law and procedure would violate defendant Ashley's constitutional rights under the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Constitution of Missouri, in that:

a.      Missouri Law by virtue of Missouri Approved Instructions 25.04 and 25.05, fail to submit to the jury one or more specific alleged defects upon which the jury must base its finding that the product was in a defective condition unreasonably dangerous, thereby:

(i).      Giving the jury a roving commission with no constraints whatsoever to find the product in a defective condition unreasonably dangerous; and,

(ii)      Failing to limit the jury's consideration to those defects specified, and denying actually any meaningful review by the Trial Court of the submissibility of plaintiffs' claims and to certain defects.

b.      Missouri Law, by virtue of Missouri Approved Instructions 25.04 and 25.05, allows the jury a roving commission with no constraints whatsoever in that no factors or objective standards are given to the jury to consider in deciding whether a product is in a defective condition unreasonably dangerous; and,

c.      Missouri Law allows the jury a roving commission with no constraints whatsoever because no factors are given the Trial Court to meaningfully review the submissibility of a case or to review meaningfully a jury's verdict, both as to liability and as to the amount of damages awarded;

d.      Missouri Law allows the jury a roving commission with no constraints whatsoever because the terms "defective" and "unreasonably dangerous" are not defined for the jury.

3.      The subject product met the state-of-the-art at the time of manufacture.

4.      Counts I, II and III of plaintiffs' complaint fail to state claims upon which relief can be granted against this defendant.

5.      Punitive damages are violative of this defendant's constitutional rights under the Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution and Article I, Section 10, Article I, Section 19, Article I, Section 18a, Article I, Section 21 and Article I, Section 2 of the Missouri Constitution in that they are penal in nature and tantamount to the imposition of a

criminal fine; the guidelines, standards and/or instructions for the imposition of punitive damages are vague, indefinite and uncertain and, furthermore, do not apprise this defendant of the conduct that will subject this defendant to criminal penalties; exposes this defendant to multiple punishments for the same act and discriminates against this defendant on the basis of wealth in that different amounts can be awarded against different defendants for the same act, but who differ only in material wealth; further, punitive damages by Missouri case law requires proof of reckless conduct by a clear and convincing quantum of evidence.

6.    Defendant invokes the monetary caps set forth in RSMo. Section 510.265.

7.    Defendant reserves the right to supplement or amend its affirmative and other defenses and/or to add additional affirmative or other defenses as discovery progresses and/or to conform to the evidence.

LAW OFFICES OF ROUSE & CARY


BY:_____/s/_____
VICTOR F. ROUSE  10013
MICHAEL KORNBLUM  3896006
Attorneys for Defendant
10733 Sunset Office Drive, Suite 410
St. Louis, MO 63127
Telephone: 314-965-5440
Telefax: 603-334-7449

CERTIFICATE OF SERVICE

I hereby certify a true copy of the foregoing was served by electronic notice to James P. Lemonds, Attorney for Plaintiffs this _1st_ day of June, 2009.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ROBIN BUCHHEIT and GARY BUCHHEIT, | ) ) ) | |
| Plaintiffs, | ) ) | |
| VS. | ) ) | Cause No. 4:09-CV-00652-CAS |
| ASHLEY FURNITURE INDUSTRIES, INC., | ) ) ) | |
| Defendant. | ) ) | |

### JURY TRIAL DEMAND

COMES NOW defendant Ashley Furniture Industries, Inc., by and through its attorneys, and hereby demands trial by jury.

LAW OFFICES OF ROUSE & CARY

BY:_____/ s/_____
VICTOR F. ROUSE  10013
MICHAEL KORNBLUM  3896006
Attorneys for Defendant
10733 Sunset Office Drive, Suite 410
St. Louis, MO 63127
Telephone: 314-965-5440
Telefax: 603-334-7449

### CERTIFICATE OF SERVICE

I hereby certify a true copy of the foregoing was served by electronic notice to James P. Lemonds, Attorney for Plaintiffs this **1st** day of June, 2009.